EMMA G. WHITNEY, Respondent, *v.* SUPREME COMMANDERY, UNITED ORDER OF THE GOLDEN CROSS OF THE WORLD, Appellant.

*Evidence — proof as to the reason why witnesses called by one party to an action are unfavorable to the adverse party.*

Where, in an action brought by the wife of a decedent to recover the amount of a policy of insurance on his life, the witnesses called by the insurance association, the defendant, are members of the family of the insured, and their testimony clearly indicates that they are not well disposed towards the plaintiff,

the fact that some of them are allowed, under very careful limitations on the part of the court, to testify as to the facts bearing upon the difficulties between the plaintiff and the members of the decedent's family, is not a valid ground of objection on the part of the defendant.

APPEAL by the defendant, Supreme Commandery, United Order of the Golden Cross of the World, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of April, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 6th day of May, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Henry G. Atwater,* for the appellant.

*Thomas F. Magner,* for the respondent.

PER CURIAM:

Charles Stanley Whitney was initiated into the Order of the Golden Cross of the World on the 27th day of December, 1894, and died April 5, 1895. In his application for membership to this order, which is a mutual insurance organization, Mr. Whitney made answers to the regulation questions bearing upon his physical condition, stating, among other things, that he was " in sound bodily health," and that he had " never had or been predisposed to " habitual coughs, bronchitis, inflammation of the lungs or spitting blood. Proofs of his death were duly made by his beneficiary, the plaintiff in this action, and the order refused to pay the amount of the policy of insurance to which he was entitled as a member of such order. This action was brought to recover the amount of the policy.

The order set up the defense that the insured had made false statements in his application, specifying in particular that he had some ten years prior thereto an attack of bronchitis which prevented him attending to his labors for a period something like one year, and that he had not, as stated in the application, fully recovered from an attack of pleurisy, and that he was not in sound bodily health. The witnesses for the defendant were members of the family of the insured, and their testimony clearly indicated that they were not well disposed toward the plaintiff, who had, it seems, contrary to

their ideas of propriety, permitted the attentions of a gentleman whom she afterwards married, at an early day after the decease of her husband. Some of the witnesses were allowed, under very careful limitations on the part of the court, to testify as to the facts bearing upon the difficulties between the plaintiff and members of the family of the deceased, and although objections were made to this evidence, we are persuaded that no right of the defendant was infringed by its admission.

The plaintiff established by the testimony of witnesses who worked with the assured, and whose labors would have been materially increased had he been absent, that the insured was daily engaged in his usual avocation during the time that the defendant alleges that he was too ill to work, and on every material issue raised, where the burden of proof was upon the defendant, the plaintiff fairly overcame the evidence in behalf of the defendant, and the jury found in accordance with the facts thus established. It is insisted that the court committed error in allowing Frances A. Whitney to testify to a statement made by Alice Whitney to her as to what Ernest Whitney had said tending to show bias. It is quite true, as claimed, that such testimony was hearsay, and, therefore, incompetent. But we are of opinion that this point was not raised so as to be available to the appellant. Frances A. Whitney was called to testify, and testified upon this point as follows: "I heard her testimony that she did not state to me that my stepbrother and his wife were to come down and leave no stone unturned to prevent the plaintiff from getting the money from the insurance company. Q. Did she tell you that? Objected to on the ground that no foundation has been laid for the question; also that the proper question is to ask this witness what she said." This objection was overruled, and the defendant excepted. The foundation had been laid for the question, and the form of it was perfectly proper; so the ruling of the court in this respect was correct. Upon cross-examination the witness gave utterance to the objectionable testimony, as follows: "The conversation with Alice Whitney, which I testified to, took place in October, 1896; she told me that Emma was going to have a new trial, and that Nettie and my stepbrother Ernest were coming down and were not going to leave a stone unturned to keep Emma from having that money." This statement was drawn out by the appel-

lant, and, so far as the record shows, it did not protest against it or object to it in any manner until after it had all been received, in answer, it may be assumed, to questions by appellant's counsel, as the evidence in this part of the record is given in narrative form. After the evidence was in, the defendant then moved to strike out all the testimony of this witness as to her conversation with Alice Whitney, upon the ground that there was no legal ground for it. This motion was denied and defendant excepted. It was quite competent for the court to deny this motion for two reasons: *First*, the defendant's counsel had drawn out the testimony upon cross-examination, and was, therefore, responsible for it, and as he made no protest· or objection at the time when the testimony was received, but continued his examination which resulted in its production, he could not complain if the court thereafter held him bound thereby and refused to strike out the testimony. *Second*, the motion asked for too much. Alice D. Whitney had testified that she did not say to Frances A. Whitney that she " would never leave a stone unturned to prevent her getting the money on these policies." It was perfectly competent to show that Alice D. Whitney had made such declarations, and the testimony which was elicited from Frances A. Whitney upon the direct examination, as above quoted, tended to contradict the testimony upon this point given by Alice D. Whitney. This was competent, even as original evidence; and as the motion called for the striking out of such testimony, as well as that which was hearsay and incompetent, the motion was properly denied, as asking for more than the defendant was entitled to. It is, therefore, clear that no error was committed by the court in this respect.

A careful examination of the case discloses no error worthy of serious consideration.

The judgment of the trial court is affirmed, with costs.

All concurred, except BARTLETT, J., absent.

Judgment and order affirmed, with costs.